UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

FOR PUBLICATION

In re

Case No. 805-88753-ast
Chapter 7

MICHAEL COLETTA a/k/a MICHAEL J. COLETTA AND SUSAN COLETTA,

Debtors.

---------------------------------------------------------------X

NEIL H. ACKERMAN,

Plaintiff,

-against-

Adv. Pro. 07-8300-ast

RUBBER2GOLD, INC.; DON BOSCO, LAWRENCE CICHANOWICZ, ETON HOLDINGS, LTD., REDFERN REALTY, LLC, JERRY RAWLS, and THE JERRY RAWLS FAMILY TRUST,

Defendants

---------------------------------------------------------------X

**APPEARANCES:**

Neil H Ackerman, Esq.
Meltzer Lippe & Goldstein, LLP
Chapter 7 Trustee
190 Willis Avenue
Mineola, NY 11501

Joseph Nocella, Esq.
Steinberg Fineo Berger & Fischoff, PC
Attorneys for Defendants Rubber2Gold, Bosco,
Eton Holdings, Rawls, and Rawls Family Trust
40 Crossways Park Drive
Woodbury, NY 11797

Robert Musso, Esq.
Rosenberg Musso & Weiner LLP
Attorneys for Defendant Redfern Realty
26 Court Street - Suite 2211
Brooklyn, NY 11242

HON. ALAN S. TRUST, United States Bankruptcy Judge

**MEMORANDUM OPINION DENYING DEFENDANT
JERRY RAWLS AND THE RAWLS FAMILY TRUST'S
MOTION TO DISMISS OR FOR JUDGMENT ON THE PLEADINGS**

Came before this Court on July 10, 2008, the Motion to Dismiss Adversary Proceeding /Motion to Dismiss for Failure to State A Claim Against Defendants Jerry Rawls and The Jerry Rawls Family Trust or Alternatively For Judgment on the Pleadings, filed by Heath S. Berger on behalf of Defendants Jerry Rawls and The Jerry Rawls Family Trust (the "Motion", Dkt Item 32). This Court has considered the Motion, the Opposition thereto [Dkt Item 47], and the arguments of counsel, and for the reasons stated herein, denies the Motion.

By the Motion, Defendants Jerry Rawls and The Jerry Rawls Family Trust ("Rawls") seek dismissal of the Trustee's First Amended Complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as incorporated by Rule 7012 of the Federal Rules of Bankruptcy Procedure, and, in the alternative, for judgment in the pleadings under Rule 12(c), as incorporated by Bankruptcy Rule 7012. The claims stated by the Trustee against Rawls are fraudulent conveyance, both actual and constructive, and usury.

### The Rule 12(b)(6) Motion to dismiss has been waived

As the Trustee correctly recites, relief under Rule 12(b)(6) has been waived. Rawls filed an Answer on February 25, 2008 [Dkt Item 21]. This Answer was late, but was allowed to stand. See Dkt Item 22 and hearing of February 28, 2008. The Motion was filed on May 21, 2008, well after the Answer. As such, Rawls has waived the right to proceed under Rule 12(b)(6). See, e.g., Nat'l Ass'n of Pharmaceutical Mfrs, Inc. V. Amerst Laboratories, 850 F.2d 904, 909 n. 2 (2d Cir. 1988); Reisner v. Stuller, 51 F.Supp2d 430, 437 (S.D.N.Y. 1999). Pursuant to Rule 12(h)(2), however, a defense of failure to state a claim may be raised in a Rule 12(c) motion.

In any event, even if not waived, the Rule 12(b)(6) portion of the Motion would be denied for the same reasons that this Court is denying the Rule 12(c) portion of the Motion.

**The Rule 12(c) Motion for judgment on the pleadings should be denied**

On a Rule 12(c) motion, the Court is to accept as true all factual allegations in the Complaint and draw all inferences in favor of the plaintiff.  Cleveland v. Caplaw Enterprises, 448 F.3d 518, 521 (2d Cir. 2006).  The standard for analysis of a Rule 12(c) motion to dismiss is the same as for a Rule 12(b)(6) motion to dismiss. Cleveland, 448 F.3d at 521.

However, the standard for a Rule 12(b)(6) determination cited by the Trustee, and which has been routinely recited from the Supreme Court's decision in Conley v. Gibson, 78 S.Ct. 99, 101-102 (1957), has been abrogated.  The standard is no longer that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  In Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007), the Supreme Court stated:

> This "no set of facts" language can be read in isolation as saying that any statement revealing the theory of the claim will suffice unless its factual impossibility may be shown from the face of the pleadings; and the Court of Appeals appears to have read Conley in some such way when formulating its understanding of the proper pleading standard . . .
>
> * * *
>
> On such a focused and literal reading of Conley's "no set of facts," a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some "set of [undisclosed] facts" to support recovery. So here, the Court of Appeals specifically found the prospect of unearthing direct evidence of conspiracy sufficient to preclude dismissal, even though the complaint does not set forth a single fact in a context that suggests an agreement. [citation omitted]. It seems fair to say that this approach to pleading would dispense with any showing of a " 'reasonably founded hope' " that a plaintiff would be able to make a case, see Dura, 544 U.S., at 347, 125 S.Ct. 1627 (quoting Blue Chip Stamps, 421 U.S., at 741, 95 S.Ct. 1917).
>
> * * *
>
> We could go on, but there is no need to pile up further citations to show that

> Conley's "no set of facts" language has been questioned, criticized, and explained away long enough. To be fair to the Conley Court, the passage should be understood in light of the opinion's preceding summary of the complaint's concrete allegations, which the Court quite reasonably understood as amply stating a claim for relief. But the passage so often quoted fails to mention this understanding on the part of the Court, and after puzzling the profession for 50 years, this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. See Sanjuan, 40 F.3d, at 251 (once a claim for relief has been stated, a plaintiff "receives the benefit of imagination, so long as the hypotheses are consistent with the complaint"); accord, Swierkiewicz, 534 U.S., at 514, 122 S.Ct. 992; National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256, 114 S.Ct. 798, 127 L.Ed.2d 99 (1994); H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 249-250, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989); Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

127 S.Ct. at 1968-1969.

As recently stated by Judge Bianco of the Eastern District of New York in Wendel v. State of New York, 2008 WL 2885044 (E.D.N.Y. July 23, 2008):

> The plaintiff must satisfy "a flexible 'plausibility' standard, which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir.2007) (emphasis in original). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1969 (2007). The Court does not, therefore, require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

Here, the essence of the Complaint as against Rawls is that Rawls made a loan of $300,000.00 to the business enterprise in which Debtor had a direct financial interest, either as a 50% shareholder or as the owner of a 50% net profits interest owner, and as an employee. The Trustee alleges that, when Rawls was paid $231,786.00 of interest and fees, in addition to the repayment of the $300,000.00 principal amount of the loan, such payments constituted fraudulent transfers, either actual or constructive, or both. In addition, the Trustee alleges the Rawls loan was usurious.

### **Fraudulent Transfer Claims**

This Court cannot conclude that the Trustee has not amply or adequately or plausibly stated a fraudulent transfer claim, and that a judgment could not be entered in favor of the Trustee and against Rawls if all facts alleged by the Trustee are true and all inferences are drawn in favor of the Trustee.  Therefore, the Rule 12(c) Motion is denied as to the fraudulent transfer claims.

**The Usury Claims**

As for the usury claims, Rawls asserts that the Trustee has failed to adequately plead loan related facts as required in Lence v. Sheldon, 312 N.Y.S.2d 725 (2d Dep't 1970) and Belser v. Eldorado Cleaners, 261 N.Y.S. 673 (Sup.Ct. Kings Co. 1932).  The Court concludes that the pleading requirements of Lence have been satisfied.  The Trustee has alleged that Rawls received $231,786.00 of interest and fees on a loan of $300,000.00 that was outstanding for "only a little more than 2 years."  (Complaint, para. 55).  The Trustee has alleged the amount of the loan ($300,000.00), when it was made (approximately October 31, 2002), when it was repaid (approximately November 17, 2004), and the amount of principal and interest repaid ($531,786.00).  Complaint, paras. 27, 28, 31, 41, 42, 55, 56.

Potentially more troubling, though, is Rawls' general statement that the Trustee does not allege that any of the loans were between Rawls and the Debtor.  Motion, pp. 5-6.  Although Rawls asserted a lack of standing at oral argument, the Court cannot determine from the Motion that Rawls is asserting a lack of legal standing of the Trustee to assert a usury claim.  Further, Rawls has not cited any cases or statutes challenging the Trustee's legal standing to assert usury.  See LBR 9013-1(a), requiring a memorandum of law and a statement of the factual grounds for relief.

The Trustee, in his Opposition, also addresses only the pleading specificity issue, and not any issue of his legal standing to assert usury.  The Court declines to reach out and determine an issue not properly before it, especially a potentially dispositive issue on which no legal authority has been submitted.

## **CONCLUSION**

For the reasons stated herein, the Rawls Motion should be DENIED. A separate Order hereon will issue.

Dated: Central Islip, New York
August 1, 2008

                               */s/ Alan S. Trust*
                               ALAN S. TRUST
                               UNITED STATES BANKRUPTCY JUDGE